UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELINE C. GOODWIN, RONALD G. CHAPEL, ROY E. CHRIST, Jr., LEONARD J. LEMELLE, Jr., and LYNETTE PASZEK,  Plaintiffs | :<br>:<br>:<br>: CIVIL NO. 1:CV-11-979<br>:<br>: |
| vs. | : |
| RONALD D. CASTILLE, in his official capacity as Chief Justice of Pennsylvania, THOMAS G. SAYLOR, J. MICHAEL EAKIN, MAX BAER, DEBRA McCLOSKEY TODD, SEAMUS P. McCAFFREY, and JOAN ORIE MELVIN, in their official capacities as Justices of the Supreme Court of Pennsylvania, COUNTY OF DAUPHIN, and DAUPHIN COUNTY BOARD OF ELECTIONS  Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

*M E M O R A N D U M*

*I.      Introduction*

Presently before the court is a motion for a preliminary injunction filed by the plaintiffs, Jacqueline G. Goodwin, Ronald G. Chapel, Roy E. Christ, Jr., Leonard J. Lemelle, Jr., and Lynette Paszek, asking us to prevent the Supreme Court of Pennsylvania from eliminating a magisterial district judge position for Magisterial District 12-1-03 for a period of at least six years, order the Dauphin County Board of Elections to schedule a primary election for the magisterial judgeship, and allow the winners of said primary to be placed on the general election ballot in November.  (doc.

580.)[1]  Plaintiffs are also seeking an expedited hearing on this matter.  For the reasons that follow, we will deny both motions.

*II.        Background*

On June 29, 2010, the Supreme Court of Pennsylvania, emailed all the president judges in Pennsylvania's Unified Judicial System asking them to evaluate the number of magisterial districts in their judicial districts.  (doc. 17, ex. A.)  Citing the difficult economic climate, the state supreme court sought to eliminate magisterial districts if the office was vacant or will become vacant due to retirement of the magisterial district judge.  (doc. 17, ex. A.)  When conducting their evaluations, president judges were asked to consider population trends but more importantly caseloads when assessing magisterial districts.

On or about February 18, 2011, Magisterial District Judge Joseph Solomon, of Magisterial District 12-1-03, informed Dauphin County President Judge Todd Hoover of his plans to retire.  (doc. 17, Ex. B.)  Subsequently on March 1, 2011, Judge Hoover recommended that Magisterial District Judge Solomon's district be eliminated and consolidated with one or more of the other five magisterial districts in Harrisburg, Pennsylvania.  (doc. 17, Ex. C.)  On the same day, Judge Hoover informed the Dauphin County Board of Elections of the likely elimination of Magisterial District 12-1-03.  (doc. 17, Ex. D.)  The preliminary ballots notified the plaintiffs of the possible elimination.  (doc.

---

[1] Plaintiffs Goodwin, Chapel, Lemelle, and Paszek are registered members of the Democratic Party and qualified under Pennsylvania law to appear as candidates on the Democratic Party primary ballot for the magisterial district judge position.  Plaintiff Christ qualified for placement on the Republican Party primary ballot.

2, Ex. A.)

Prior to Judge Hoover's recommendation, the Dauphin County Board of Elections declared an election to fill the seat to be vacated by Magisterial District Judge Solomon. Decl. of Jacqueline G. Goodwin ¶ 6. Following this announcement and after circulating the necessary nomination petitions, plaintiffs were placed on the ballot for the primary election to be held on May 17, 2011. Decl. of Jacqueline G. Goodwin ¶ 7.

On April 15, 2011, the state supreme court issued an order eliminating Magisterial District 12-1-03 effective January 2, 2012, and decreed that the district would not be reflected on a primary or general election ballot. (doc. 2, Ex. B.) As a result of this order, no primary election occurred for the magisterial district judge position.[2]

On May 20, 2011, plaintiffs filed a complaint alleging: (1) First Amendment violations for denial of right to associate, ballot access, and right to vote; (2) denial of their equal protections rights; (3) denial of substantive due process rights, claiming a liberty interest in ballot access and a state created liberty interest in voting; and (4) voter dilution under the Voting Rights Act of 1965. Chief Justice Castille subsequently filed a motion to dismiss. However on July 5, 2011, plaintiffs filed an amended complaint adding each justice of the Supreme Court of Pennsylvania, and Dauphin County, as defendants. In addition, the amended complaint pleads that the judicial defendants are sued only in their official capacities.

*III.*     *Discussion*

---

[2] Prior the Pennsylvania Supreme Court's order, absentee ballots containing the names of plaintiffs were sent to absentee voters. Decl. of Roy E. Christ, Jr. ¶ 4.

*A. Standard of Review - Preliminary Injunction*

When deciding whether to grant a preliminary injunction request, we must consider: (1) whether plaintiffs have shown a reasonable probability of success on the merits; (2) whether plaintiffs will be irreparably harmed by denial of relief; (3) whether granting preliminary injunctive relief will result in greater harm to the defendants; and (4) whether granting the injunction will be in the public interest. *Illes v. de Jongh*, 638 F.3d 169, 172 (3d Cir. 2011)(quoting *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009)). A preliminary injunction is an "extraordinary and drastic remedy" that should not be granted unless the plaintiffs make a clear showing for relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865 (1997).

In opposing plaintiffs' preliminary injunction request, the defendants primarily argue that plaintiffs' have failed to meet their burden showing a reasonable probability of success on the merits. More specifically, they raise the following arguments: (1) Eleventh Amendment immunity; (2) legislative immunity; (3) the justices of the Supreme Court of Pennsylvania, acting in their official capacities, are not persons for purposes of 42 U.S.C. § 1983; and finally (4) plaintiffs fail to carry their burden establishing a reasonable likelihood of success on the merits of each of their claims.[3]

A. *Legislative Immunity*[4]

---

[3] A hearing is not a prerequisite for ruling on a preliminary injunction. *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175 (3d Cir. 1990). We may decide the issue based on affidavits and other documentary evidence if the material facts are not in dispute. *See Id.* at 1176. Here, the facts are not in dispute, and thus a hearing is unnecessary.

[4] The judicial defendants also argue that they are not "persons" for purposes of 42 U.S.C. § 1983. We agree. As plaintiffs' amended complaint makes clear, they are suing the

The doctrine of legislative immunity grants to legislators absolute immunity for their legislative acts. *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 773 (3d Cir. 2000). The Supreme Court has recognized that in certain situations judges perform legislative acts. *Id.* (citing *Forrest v. White*, 484 U.S. 219, 227, 108 S.Ct. 538 (1988)). In *Supreme Court of Virginia v. Consumers Union of the United States, Inc.,* 446 U.S. 719, 100 S.Ct. 1967 (1908), the Supreme Court granted immunity to the Virginia Supreme Court and its chief justice in connection with that body's drafting and publication of the state bar code. *Consumers Union*, 446 U.S. at 734 ("[The Virginia Supreme Court] is exercising the State's entire legislative power with respect to regulating the Bar, and its members are the State's legislators for the purpose of issuing the Bar Code."). The Third Circuit has held that the Supreme Court of Pennsylvania is entitled to absolute legislative immunity from claims arising from its reorganization of a judicial district. *Gallas*, 211 F.3d at 775-77. This immunity provides a complete defense to claims for damages as well as injunctive and declaratory relief. *Consumers Union*, 446 U.S. at 730-34; *See Gallas*, 211 F.3d at 776-77.

The question before us is whether the justices of the Pennsylvania Supreme Court performed a legislative function when they eliminated Magisterial District

---

justices of the Pennsylvania Supreme Court in their official capacities only. Pennsylvania's Unified Judicial System is a state entity, and therefore a suit against a judge in their official capacity is a suit against the Commonwealth. *See Callahan v. City of Philadelphia*, 207 F. 3d 668 (3d Cir. 2000)(Recognizing judges sued in the First Judicial District are not "persons" under § 1983). Therefore, the judicial defendants are not "persons" under § 1983, and thus plaintiffs' fail to state a claim against them. Likewise, since the judicial defendants are sued in their official capacity, they are entitled to sovereign immunity from suit under § 1983. *See Benn v. First Judicial District of Pennsylvania*, 426 F.3d 233, 241 (3d Cir. 2005).

12-1-03. To this end, the Third Circuit employs a two-part test in determining whether an act is legislative. *Gallas*, 211 F.3d at 774. First, the judicial action must be "substantively" legislative. Essentially, a legislative act is one that involves policy-making decisions, "or, to put it another way, legislation involves linedrawing." *Id.* Second, the action must be "procedurally" legislative—passed by means of an established procedure. *Id.*

It is clear that the Pennsylvania Constitution grants the state supreme court the authority to set the number and boundaries of magisterial districts within each judicial district. Pa. Const. Art. V, § 7.[5] Here, the Pennsylvania Supreme Court ordered the elimination of Magisterial District 12-1-03 pursuant to this explicit grant of authority. This decision was a "policy-making decision of general scope, rather than a decision affecting a small number or a single individual." *Gallas*, 211 F.3d at 774. The original memorandum regarding magistrate vacancies was addressed to all the president judges of Pennsylvania's judicial districts. (doc. 17, Ex. A.) The president judges were given specific instructions to evaluate population trends and caseloads when determining whether districts should be eliminated for budgetary reasons. (doc. 17, Ex. A.) In essence, the state supreme court's memorandum of June 29, 2011 represented a

---

[5] Article V, § 7 provides, in relevant part that:

The General Assembly shall by law establish classes of magisterial districts solely on the basis of population and population density and shall fix the salaries to be paid justices of the peace in each class. The number and boundaries of magisterial districts of each class within each judicial district shall be established by the Supreme Court or by the courts of common pleas under the direction of the Supreme Court as required for the efficient administration of justice within each magisterial district.

reevaluation and overhaul of the magisterial districts within Pennsylvania.  Furthermore, it was only after consultation with President Judge Hoover that the justices of the state supreme court eliminated the district in a *per curiam* order.  (doc. 2, Ex. B.)

These facts in conjunction with the authority granted by the Pennsylvania Constitution clearly demonstrate that the Pennsylvania Supreme Court was engaged in the type of linedrawing that is the hallmark of a legislative act.  In addition, given the state supreme court's issuance of a *per curiam* order and the evaluation process undertaken by members of Pennsylvania's judiciary, the order eliminating Magisterial District 12-1-03 was procedurally legislative.  Therefore, we conclude that when the justices of the Supreme Court of Pennsylvania eliminated the magisterial district at issue they were acting in their legislative capacity, and thus are entitled to legislative immunity.[6]  Based on the preceding, we conclude that plaintiffs have failed to show a reasonable probability of success on merits for their claims.

### *B. Dauphin County Defendants*

Plaintiffs amended complaint states that the Dauphin County defendants were added solely because they were an indispensable party and not for any allegations of wrongdoing. Based on our conclusion that the justices of the Pennsylvania Supreme Court are immune from suit, we conclude that the plaintiffs also have failed to meet their

---

[6] This conclusion applies equally to actions for injunctive relief, declaratory judgment, claims pursuant to 42 U.S.C. § 1983, and for violations of the Voting Rights Act of 1965.  *See Consumers Union*, 446 U.S. at 730-34; *See Gallas*, 211 F.3d at 776-77; *Ford v. Tennessee Senate*, No. 06-2031-BV, 2007 WL 5659414 at *6 n.12 (W.D. Tenn. Aug. 15, 2007).

burden showing a likelihood of success on the merits for any claim against the Dauphin County defendants.[7]

*IV.        Conclusion*

Based on the foregoing, we conclude that plaintiffs have failed to meet their burden showing a likelihood of success on the merits. We see no reason to address the other factors required for a preliminary injunction because the first factor overwhelmingly favors denial of plaintiffs' request. Inasmuch as the defendants are immune from suit, we conclude that further proceedings would be futile, and it is appropriate that this case be dismissed.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

---

[7] The issue of quasi-legislative immunity was not raised by the Dauphin County defendants. In *Gallas*, the Third Circuit indicated that those acting in direct assistance of a legislative activity would also be entitled to absolute legislative immunity. *Gallas*, 211 F.3d at 777. Since the Dauphin County defendants role in the closing of the magisterial district and the removal of the candidates from the primary ballot "derived from" the state supreme court's order, we conclude that said defendants would be entitled to quasi-legislative immunity. *Id.*

8

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELINE C. GOODWIN, RONALD G. CHAPEL, ROY E. CHRIST, Jr., LEONARD J. LEMELLE, Jr., and LYNETTE PASZEK,<br>    Plaintiffs<br><br>  vs.<br><br>RONALD D. CASTILLE, in his official capacity as Chief Justice of Pennsylvania, THOMAS G. SAYLOR, J. MICHAEL EAKIN, MAX BAER, DEBRA McCLOSKEY TODD, SEAMUS P. McCAFFREY, and JOAN ORIE MELVIN, in their official capacities as Justices of the Supreme Court of Pennsylvania, COUNTY OF DAUPHIN, and DAUPHIN COUNTY BOARD OF ELECTIONS<br>    Defendants | :<br>:<br>:<br>: CIVIL NO. 1:CV-11-979<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

*O R D E R*

AND NOW, this 19th day of July, 2011, upon consideration of plaintiffs' motion for a preliminary injunction (doc. 3), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

    1. Plaintiffs' motion for a preliminary injunction and an expedited hearing are denied.

    2. Defendants' motion to dismiss the original complaint (doc. 18) is dismissed as moot.

    3. Plaintiffs' complaint is dismissed.

    4. The Clerk of Court shall close this file.

                                            /s/William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge